BACON WAKEMAN *vs.* JOHN I. THROCKMORTON.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

The grant of a stay of action in a suit in a State court in this State, pursuant to the Bankrupt Act of 1898, § 11, does not prevent such court from allowing an amendment of the complaint or the filing of a substitute, where the original had been adjudged insufficient on demurrer of the bankrupt pending his motion for the stay.

In an action brought to a State court in Connecticut and commenced by attachment, the attachment lien exists from the date of service and, if obtained more than four months prior to the filing of a petition in bankruptcy by the defendant, it is not dissolved by § 67 of the Bankrupt Act. To secure the benefit of the lien it is, however, essential that the plaintiff should recover, and that an appropriate judgment should then be entered.

It seems that if property subject to an attachment lien which is more than four months old, be sold by order of the bankruptcy court, the attaching creditor can claim before that court the benefit of a subrogation as respects the proceeds of the sale.

After the debtor's discharge in bankruptcy there was no longer any occasion to stay proceedings in the State court; for his interest in whatever was attached had already passed to the trustee in bankruptcy, while his discharge would bar any general judgment *in personam*.

An action in which an attachment of lands upon mesne process is made presents no opportunity for an adjudication as to the title of the defendant to them. Such title is to be determined by proceedings subsequent to the judgment and brought to enforce it.

Upon application of a trustee in bankruptcy to sell the bankrupt's interest in a particular parcel of land claimed by a creditor to be subject to his lien of attachment for the amount of his indebtedness, a finding by the referee, that the creditor had no lien upon any real estate owned by the bankrupt at the time of filing his petition, is outside the issue, and of no effect except as to the particular parcel in question.

Upon such a hearing the referee found that the indebtedness of the bankrupt to the creditor was $150 and no more. *Held* that this finding was within the issue, since it bore directly upon the question whether a sale should be had, as well as upon the proper distribution of the proceeds.

The trustee in bankruptcy, who appeared only to object to the further jurisdiction of the trial court, set up by way of answer certain doings of the bankruptcy court, including the finding of the referee

Wakeman *v.* Throckmorton.

as to the bankrupt's indebtedness to the plaintiff, but contended that they constituted not a partial defense but an absolute bar to any further proceeding in the present action. This having been properly adjudged insufficient on demurrer, the cause went to the jury on a general denial of indebtedness, payment, and a discharge in bankruptcy, and the plaintiff recovered judgment for $732. *Held* that inasmuch as the trustee failed to offer the record of the bankruptcy proceedings in evidence, and to claim therefrom the benefit of the referee's finding limiting the amount of the recovery to $150, he could not complain of the result.

A bankrupt, who has conveyed his land by warranty deed in fraud of his creditors, is nevertheless in a situation to appeal from a judgment against him, even if it is to be satisfied only out of his interest in said land, since the grantee in possession, if evicted, may be able to hold the bankrupt liable on his covenants.

The judgment file should contain a full, though concise, history of all the important steps in the progress of the case.

A statute which divests liens, valid when created, by reason of matters subsequent, is in derogation of the common law and is to be strictly, rather than liberally, construed.

The grantee under a warranty deed conveyed by a release deed to the grantor's wife. *Held* that she and her heirs and assigns took the benefit of the covenants of warranty by privity of estate.

Argued January 31st—decided March 5th, 1902.

ACTION by an attorney at law to recover for professional services, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff for $732, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

*Daniel Davenport*, for the appellant (defendant).

*Frank M. Canfield*, for the appellee (plaintiff).

BALDWIN, J. The defendant was adjudicated a bankrupt in the District Court of the United States for the Southern District of Ohio, on November 16th, 1899, on his petition filed two days earlier. On November 16th he filed a demurrer to the complaint in the case at bar. This was sustained by the court on December 27th, with leave to the plaintiff to file a substitute complaint, which was done on

January 16th, 1900. Meanwhile, on December 20th, the defendant had moved for a stay of the action under the Bankrupt Act of 1898, § 11, until twelve months after the date of the adjudication in bankruptcy, which motion was granted on January 16th, 1900. The order permitting the filing of the substituted complaint is made a ground of appeal.

The defendant having filed his demurrer pending his petition in bankruptcy, and thereby procured a decision that the plaintiff's complaint was insufficient, is in no position to except to its replacement by a better one. The defect was one that could be remedied by amendment or repleading. *Dunnett* v. *Thornton*, 73 Conn. 1, 9. The right to ask a stay of the action did not involve a right to have it left without any proper pleading to support its claims. Even if the attachment had been dissolved by the bankruptcy proceedings, it did not yet appear that the defendant would be able to obtain a discharge which would protect him against a personal judgment.

It is contended that the attachment was dissolved by effect of § 67 *f* of the Bankrupt Act, declaring "that all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien, shall be preserved for the benefit of the estate."

These provisions are in derogation of the common law. They divest liens, valid when created, by reason of matters subsequent. Such a statute is to be construed strictly rather than liberally.

The lien of the plaintiff's attachment was obtained more than four months prior to the filing of the petition in bankruptcy. It could only be made available in case of a subse-

quent judgment in his favor; but it existed from the date of the service of the mesne process, and the rights of the parties by the laws of Connecticut would be determined as of that time under a levy of execution. We think the contention of the defendant unwarranted by the language of the Act, when considered with reference to the mischiefs which it was designed to remedy. *In re Blair*, 108 Fed. Rep. 529; *In re Beaver Coal Co.*, 110 id. 630.

It is no doubt true that the bankruptcy court had a certain control of the property attached and could, as it did with respect to one parcel, direct its sale free of any lien; but we do not think this should destroy the equitable right of the attaching creditor to claim before that court the benefit of a subrogation as respects the proceeds of the sale. If this be true, then the rendition of a judgment in his favor in the Court of Common Pleas would seem to be a proper and material stage in the procedure. Such a judgment, after the defendant's discharge in bankruptcy, could only be a limited one, to be satisfied out of the property attached. *Ingraham* v. *Phillips*, 1 Day, 117; *Hill* v. *Harding*, 130 U. S. 699.

On February 9th, 1900, the defendant received his discharge in bankruptcy, and shortly afterwards the Court of Common Pleas vacated the stay of the action. This was proper. There was no longer any occasion for its continuance. The provision in the Bankrupt Act for a stay of pending actions is intended to prevent any possible injury to the bankrupt or to his estate by the rendition of a judgment on a claim which might thereafter be discharged by the bankruptcy proceedings. No direct loss of property could result to the defendant by the rendition of a limited judgment, for his interest in whatever was attached had passed to the trustee in bankruptcy; and to any general judgment *in personam* his discharge was now a bar. So far as the trustee in bankruptcy was concerned, his title was subject to the attachment lien, to enforce which a judgment was a necessary prerequisite.

An answer was next filed setting up the discharge, and also denying any indebtedness, and pleading payment. The plaintiff then, disclaiming any right to a judgment enforceable

against the defendant personally, moved for a " trial, for the purpose of obtaining a judgment, limited in its nature, to fix the amount or value of his said attachment lien, said judgment to be satisfied solely out of the property affected by his said attachment lien." This motion was granted; soon after which J. P. Winstead, the trustee in bankruptcy, entered a special appearance in the case for the purpose only of objecting to the jurisdiction of the court over further proceedings. Such objection was taken in a formal paper entitled " Pleadings of J. P. Winstead, as Trustee in Bankruptcy of John I. Throckmorton," and set up not only the discharge in bankruptcy and the proceedings in the District Court of the United States leading up to it, but also that he had, in August, 1900, filed his petition in that court for an order to sell the bankrupt's interest in one of the parcels of land on which the plaintiff claimed a lien; that the latter was duly made a party defendant to that petition and had answered thereto; that he had replied to the answer, denying that the plaintiff's claim against the bankrupt exceeded $150; and that the petition had been set down for hearing before the referee in bankruptcy on November 20th.

To this paper the plaintiff filed what he entitled an " Answer to J. P. Winstead's Plea to the Jurisdiction," containing a waiver of any right to proceed to enforce his attachment lien against the real estate to procure a sale of which the trustee had brought his petition, and averments that he had notified the trustee and also the referee in bankruptcy that he released whatever right he might have of that description. The trustee then filed what he termed a demurrer to the plaintiff's reply to his plea to the jurisdiction. This having been overruled, he put in, in February, 1901, a " rejoinder," setting up the finding and order of the referee upon his petition, made on November 20th, 1900; and the defendant filed a supplemental answer entitled an answer " to the claimed right of the plaintiff further to proceed in this action," setting forth all the proceedings in bankruptcy in detail, and concluding with a claim for a judgment dissolving the attachment.

The Court of Common Pleas decided to grant the motion to set the cause down for trial and, it having been tried to the jury a verdict was rendered for the plaintiff. A motion by the defendant for judgment in his favor, *veredicto non obstante*, was denied, and a judgment entered on the verdict " that the plaintiff recover of the defendant John I. Throckmorton, seven hundred and thirty-two dollars and thirty cents damages and his costs taxed at ___ dollars and ___ cents, to be satisfied only out of the interest which the defendant, John I. Throckmorton, had in the following described property attached in this action at the time of the attachment, to wit:" (describing the lands).

The cause was properly set down for trial upon the merits. To secure the benefit of his attachment lien, it was indispensable that the plaintiff should first obtain a verdict and that an appropriate judgment should then be entered.

It appeared on the record, through a demurrer to the pleadings, that all the real estate attached, except an interest in one parcel which was sold by the trustee in bankruptcy free of any lien, had been conveyed, shortly before the attachment, by a warranty deed from the defendant to the plaintiff, and by a quitclaim deed from the plaintiff to the defendant's wife; these conveyances being made in good faith and for valuable considerations.

The defendant now claims that there was nothing for the judgment to operate on, and therefore that it was error to render it.

The action in which an attachment of lands upon mesne process is made presents no opportunity for an adjudication as to the title of the defendant to them. If the process be so drawn and served as to constitute a valid attachment of any interest in them which he may have, whether in fact he had any interest can be determined only by proceedings subsequent to the judgment and brought to enforce it.

The Court of Common Pleas, therefore, properly declined to give any weight to the allegations that the greater part of the lands in question did not belong to the defendant when the suit was brought. The time to pass upon that question

Wakeman v. Throckmorton.

had not come.   Nor was it material that the interest (an un-divided one fifth) in the only parcel to which it was conceded by both parties that he then had any title had been sold, dis-charged of any lien, under a decree in bankruptcy.   The attachment was upon his whole interest in the entire parcel, and the judgment in this follows the attachment.   If the defendant owned a greater interest than that which the trus-tee sold, the plaintiff was entitled to the benefit of it.

The application of the trustee in bankruptcy, filed in August, 1900, for an order to sell the defendant's interest in this parcel, alleged that it had been appraised at $300, and that the plaintiff had or claimed a lien upon it, and asked that he might be cited in as a party to the proceeding and required to state the nature, character, and amount of such lien, to the end that the legality and priority thereof might be determined and an order of distribution made.   The plaintiff soon afterwards appeared and made answer that he owned an attachment lien for $2,000, which was secured on the real estate in question, in an action demanding $1,500 damages, which lien was unliquidated and had priority over any other.   He also made objection that the property being incumbered for more than its value, no sale could be ordered. The trustee filed a reply denying the existence of any lien, and also that the plaintiff " has any claim for more than the sum of $150 against the said bankrupt," and asking that he " make full proof of said claim and lien and the priority thereof."   In October this application was set down for a hearing before the referee on November 20th.   On Novem-ber 19th the plaintiff notified him in writing that he released his lien on the real estate in question.   On November 20th the hearing was had, and the referee found that the defend-ant owed the plaintiff $150 only upon the claim set up in the plaintiff's answer, and that the latter had no lien on any of the bankrupt's real estate.   A sale was thereupon ordered and had.

The proceeding resulting in that order was unquestion-ably within the jurisdiction of the District Court of the United States for the Southern District of Ohio.   It fairly

involved an inquiry into the amount of the plaintiff's claim. His notice that he released his lien did not affect the right of the referee to proceed to that inquiry.

A proceeding in bankruptcy under the laws of the United States is a great suit which may embrace many parties and many ancillary actions. To that commenced by the petition of the defendant, the plaintiff made himself an active party, and in the course of it an issue was raised as to the amount and validity of his claim of lien.

The decision of the referee that the plaintiff had no lien "upon any real estate owned by the said John I. Throckmorton at the time of filing his petition in bankruptcy," went beyond the issue. That was limited to liens upon a particular interest in a particular parcel. So far as concerns this interest, the finding was conclusive: it had no effect on the plaintiff's claim of lien on any other real estate.

The finding that the amount of the claim was $150, and no more, was within the issue, for it bore directly upon the question whether a sale should be had, as well as upon that as to the proper distribution of the proceeds. It is now contended that it operated as a final adjudication as between the plaintiff and the bankrupt, which was conclusive upon the Court of Common Pleas in determining the amount of any judgment for damages which could be rendered in this cause. But if this were a partial defense, the defendant failed to take proper advantage of it.

In his supplemental answer he set up the finding that his indebtedness to the plaintiff, at the time of the commencement of the proceedings in bankruptcy, was $150, and no more; but he set it up as part of certain proceedings which in their totality constituted, according to his contention, a bar to any further proceeding in the action. On demurrer, this answer was properly held to be insufficient. That the plaintiff was suing for $1,500, when it had been conclusively adjudicated between the parties that his demand was but for a tenth part of that sum, was no reason why he should not get judgment for what had thus been established to be his due.

The objections of the trustee in bankruptcy to any further proceedings had also been overruled by a judgment to which no exception was taken.

This left the cause to go to the jury on the answer of a general denial of indebtedness, payment, and a discharge in bankruptcy. Had the defendant on the trial to the jury introduced the record of the bankruptcy proceedings, and claimed the benefit of the finding of the referee as limiting the amount of the recovery, an occasion would have arisen for a ruling as to the effect of that finding in this respect. There is nothing in the record to show that any such point was taken. On the contrary, the defendant was contending that he owed the plaintiff nothing. No exception was taken to any action of the court upon the trial to the jury. This being so, the judgment must stand. That a partial defense, if such it were, when set up as a full defense, was overruled, was no excuse to the appellant for omitting to prove it to the jury. They could only decide the cause upon the evidence before them.

We have thought it necessary to consider the reasons of appeal at length, notwithstanding the contention of the appellee that the defendant has no standing ground, because upon his own showing the judgment can do him no injury.

It is true that he has set up that he had no estate in any of the property as to which the attachment lien has not been waived or released; and it is also true that, if he had, it would have passed out of him to his trustee in bankruptcy. Nevertheless, he is in a situation to complain. It appears on the record that he conveyed these lands with warranty of title and for a valuable consideration. The plaintiff claims that the conveyances were in fraud of creditors. If so, he may be able to avoid them under a levy of execution; and if they should be so avoided, the grantee in possession may be able to hold the defendant upon his covenants of warranty, for they run with the land. Although the original covenantee conveyed by a release deed, and the releasee was the defendant's wife, she and her heirs and assigns take the benefit

of the covenants by privity of estate. 1 Jones on Rl. Prop. and Convey., § 933.

A few of the rulings as to which exception was taken have not been discussed, because they were so plainly correct as to call for no vindication.

The judgment file is defective in not referring to the special appearance of the trustee in bankruptcy, nor to any of the rulings on demurrers, nor to the pleadings other than those on which issues were finally closed to the jury ; but no request was made for its rectification, and the irregularity is not such as to invalidate the judgment.

There is no error.

In this opinion the other judges concurred, except HAM-ERSLY, J., who dissented.