THE COAST AND LAKES CONTRACTING CORPORATION vs.
MANUEL J. MARTIN ET AL.

Second Judicial District, Norwich, April Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, SHUMWAY and CASE, Js.

General Statutes, § 831, provides that attachments of machinery, engines, or implements, situated and used in any "manufacturing or mechanical establishment," may be made without removal of the property, if in the opinion of the officer it cannot be moved without manifest injury. *Held:*—

1. That the statute was intended to include all establishments outfitted with machines used in conducting such operations as the

business required, and therefore a stone quarry equipped with hoisting-engines and compressed-air machines which were used for getting out the stone, constituted a "mechanical establishment" within the fair meaning of the statute.

2. That it was not essential to the validity of the attachment—which was made in this case without a removal of the machines—that the officer's opinion as to injury in case of removal should be set forth in his return, especially as it was admitted that he in good faith believed a removal of the property at the time of its attachment would be injurious to it, and the trial court found as a fact that the machines could not have been moved without injury.

In the absence of an outer door, the posting of a notice of the levy of an execution in a conspicuous place upon the inside wall of the shed or structure in which the hoisting-engine is contained, is a sufficient compliance with the provisions of § 911 relating to the levy of executions on machinery.

In the present case the property attached and levied upon was described in the notice as "compressed-air machinery" and "three hoisting-engines." *Held* that as against one who bought the property "subject to existing liens," this description was sufficient.

An adjudication in bankruptcy does not dissolve attachment liens acquired more than four months before the filing of the petition; but the attaching creditor, upon obtaining judgment, must collect it out of the property attached, and the judgment, upon request, should be so restricted.

Argued April 24th—decided July 6th, 1917.

Suit to vacate an alleged attachment of personal property and to restrain the defendants from taking and selling the property on execution, brought to and tried by the Superior Court in New London County, *Reed, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Frank L. McGuire,* for the appellant (plaintiff).

*Charles B. Whittlesey,* with whom was *Perry J. Hollandersky,* for the appellees (defendants).

Shumway, J. The complaint in this action seeks an injunction against the defendant, a Deputy Sheriff of New London County, to restrain him from taking and

selling on execution certain property held under attachment. The execution was issued to enforce a judgment rendered in an action brought by Joseph Novy against the Breakwater Company. Novy's action was begun and the attachment made on August 15th, 1913. At that time the Breakwater Company was engaged in the business of quarrying stone in the town of Ledyard. The stone, after it was taken from the quarry, was carried away and used in the construction of breakwaters and sea-walls. The quarry occupied ten to twelve acres, covered by the operations of the Company. The land was owned by a corporation called The Rivers and Harbors Improvement Company.

Among the articles of property owned by the Breakwater Company were three hoisting-engines and compressed-air machinery, used by the Company in the quarry. On the 27th of December, 1913, a petition in bankruptcy was filed against the Breakwater Company and it was adjudicated a bankrupt on February 2d, 1914. The judgment in favor of Novy against the Breakwater Company was rendered on April 2d, 1914. On March 23d, 1914, the trustee in bankruptcy sold the property under attachment to one Siegel, and he, on April 4th, 1914, transferred the same to the plaintiff in this action.

The process in the action of Novy against the Breakwater Company was served and the attachment was made by J. H. Tubbs, Deputy Sheriff of New London County. He attached, as the property of the Breakwater Company, three hoisting-engines and the compressed-air machinery. At the time of the attachment the hoisting-engines were in different parts of the quarry and were separately and partially enclosed by rough structures, each having a roof, but open on one or more sides. The compressed-air machinery was located in a long building which was divided into separate rooms

by partitions, and had doors in front and rear. In the same room were two pumps. The compressed-air machinery consisted of two compressors, a steam-cylinder and an air-cylinder. Each compressor was mounted on a bed, on one end of which was a steam-engine and on the other end was the cylinder in which the air was compressed. On each of the compressors was a plate giving the name of the manufacturer, its number, and size.

From the judgment in favor of Novy the Breakwater Company appealed to the Supreme Court of Errors, and the judgment of the Superior Court was affirmed on December 22d, 1914, and an execution delivered to Deputy Sheriff Martin, the defendant herein, on February 20th, 1915; and on the same day he made levy and posted notices of the sale.

The plaintiff's complaint was doubtless framed, having in mind §§ 831 and 911 of the General Statutes, and with a purpose to allege sufficient facts to show that as the property attempted to be attached had not been removed by the officer, the provisions of these statutes in such cases had not been complied with. One of the important questions in the case is whether or not the acts of the officer as detailed in the finding, secured to the plaintiff named in the process a lien on the property attached, so that the same could be held to satisfy an execution issued on final judgment.

The statute, § 831, provides that in certain cases an officer making an attachment is not required to move the property attached. The portion of the statute material for the purposes of this case, is as follows: "Attachments of machinery, engines, or implements, situated and used in any manufacturing or mechanical establishment, . . . which cannot, in the opinion of the officer levying upon the same, be moved without

manifest injury, shall be effectual to hold the same, without any removal thereof; *provided* the service of such attachment shall be completed and a copy of the process and accompanying complaint, with the officer's return indorsed thereon, particularly describing the property attached, shall be filed in the office of the town clerk of the town in which such property shall be situated, within twenty-four hours after such attachment shall have been made." Section 911, relating to the levy of an execution on machinery, engines, or other implements, provides that if the property cannot, in the opinion of the officer levying the same, be moved without manifest injury, he shall not move it, but shall give notice of such levy by posting a notice thereof on the outer door of the building in which such property is situated.

One of the claims of the appellant is that the attachment was void because the Breakwater Company's business of working a quarry was not a "manufacturing or mechanical establishment." This statute is peculiar to this State, and decisions in other jurisdictions give but little aid in construing its meaning. The purpose of the statute was to provide the method by which machinery, engines and implements, could be attached without moving them, and thereby held to secure a judgment. The word "manufacturing" has no restricted meaning as used in the statute. It is apparent that such was not the intent when the word "mechanical" was inserted. The primary meaning of the word "mechanical" is pertaining to machinery, and the fair meaning of the statute is that it was intended to include all establishments outfitted with machines used in conducting such operations as the business required. The machines attached were in use in a mechanical establishment.

Another contention of the plaintiff is that the attachment made by Deputy Sheriff Tubbs is void because he

did not state in his original return that, in his opinion, the property could not be removed without manifest injury. The statute leaves it to the judgment of the officer making an attachment to determine whether or not the machine could be moved without injury, and the return which an officer makes on the original writ of his doings is only prima facie evidence of the facts stated therein, and they may be disproved by proper evidence. The only thing omitted, as claimed, is a statement of the officer's opinion that the property could not be moved without manifest injury. That he entertained this or that opinion, may be as readily determined in many cases by what he does as by what he says. But the court has found as a fact that the property could not be moved without injury, and it is admitted that the officer was in fact rightfully of the same opinion at the time of the attachment. It may be that the officer ran a risk that the attachment would not hold if he came to a wrong conclusion, but it would be manifestly unfair to an officer to so rule if he acted in good faith. In the case of *Morey* v. *Hoyt*, 62 Conn. 542, 556, 26 Atl. 127, it was held that under the circumstances in that case it was not necessary to the validity of the attachment of machinery that the property be moved or a reason given in the return why it was not. The attachment did not fail in this case because Deputy Sheriff Tubbs did not state in the return that in his opinion the machines could not be removed without manifest injury; but it is not necessary to rule that it would be so in every case.

The plaintiff contends that the levy of the execution by Deputy Sheriff Martin was void, because he did not post notices of the levy on the outer door of the buildings in which the hoisting-machines were situated. The structures had no doors which could be moved to permit entrance. The notices were posted in a con-

spicuous place upon the structures, which was a sufficient compliance with the statute.

The plaintiff complains because the property attached and levied upon was not "particularly described" in the attachment and the notice of levy. The description, as made, was "compressed-air machinery," and "three hoisting-engines." The purpose of requiring such description was to notify all persons who were or might become interested in the property, that the property was under attachment and levy. No claim is made that the plaintiff was a purchaser without notice. The property was sold to the plaintiff "subject to existing liens." If the plaintiff investigated and made inquiry at the proper place, the town clerk's office in Ledyard, he would have found that what purported to be an attachment lien rested upon the compressed-air machinery and hoisting-engines in the quarry in Ledyard, the property of the Breakwater Company, and possibly might have found in the quarry the notices posted by Deputy Sheriff Tubbs, indicating the particular property attached. The description was sufficient.

Another claim by the plaintiff is that Novy lost his lien, if he had one at any time, by the adjudication in bankruptcy of the Breakwater Company. Attachment liens acquired more than four months before proceedings in bankruptcy are begun, by filing a petition, are not dissolved by an adjudication in bankruptcy. *Metcalf* v. *Barker*, 187 U. S. 165, 23 Sup. Ct. 67. The attachment was made on August 15th, 1913. The petition in bankruptcy was filed December 27th, 1913.

But the plaintiff contends that under the authority of *Wakeman* v. *Throckmorton*, 74 Conn. 616, 621, 51 Atl. 554, the judgment in favor of Novy should have been restricted "to be satisfied only out of the interest which the defendant had in the property attached."

If such restriction had been claimed, or a suggestion made to the court that the defendant was a bankrupt, the judgment no doubt would have been so restricted; but the judgment is not void. Novy must, if he collects his judgment at all, collect it out of the property attached.

There is no error.

In this opinion the other judges concurred.