[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (103)
The Defendants move to dismiss this action against them because they claim the suit was never served on them and therefore the court lacks personal jurisdiction over them. The Marshal's return indicates that he was unable to locate the Defendants so he served the Interim Commissioner of Motor Vehicles with the writ, summons and complaint and statement of amount in demand pursuant to General Statutes § 52-63 and mailed, by certified mail, a copy of the writ, summons and complaint and statement of amount in demand to the Defendant Ferry at 44 Brittany Farms, New Britain, Connecticut and to the Defendant Fenner at 20 Marshall Drive, Enfield, Connecticut. In support of the Motion to Dismiss the Defendants have submitted their affidavits in which they each state that they did not reside at the address to which the writ was sent to them nor was that the address on file with the Commissioner of Motor Vehicles. The Plaintiff has submitted no memorandum of law or evidence in opposition to the Motion to Dismiss but argued before the court that the Defendants' affidavits do not state where they resided at the time of service and, in any event, they have waived their claim of lack of personal jurisdiction by filing discovery requests prior to the filing of the Motion to Dismiss.
Pursuant to Practice Book § 10-32 a claim of lack of jurisdiction over the person is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30. Here the Defendants were granted an extension of time to file a responsive pleading until June 9, 2002 and the Motion to Dismiss was filed on June 5, 2002. Discovery is not listed as part of the pleading sequence referenced in Sections 10-6 and 10-7. Therefore the Defendants have not waived their claim of lack of personal jurisdiction by the filing of requests for discovery. Ortiz v. Bridgeport Hospital, Superior Court, judicial district of New London at New London, Docket No. 547104 (Aug. 11, 1999) 1999 Ct. Sup. 11204; Udolf v. Swerdloff, Superior Court, judicial district of Hartford-New Britain at Hartford, CT Page 11645 Docket No. 518160 (April 22, 1993) (8 CSCR 540).
General Statutes § 52-63 provides for an alternative form of service where the defendant cannot be located for personal or abode service. That statute provides in subsection (b) that "Service of civil process may be made on a motor vehicle operator licensed under the provisions of chapter 246 by leaving a true and attested copy of the writ, summons and complaint at the office of the Commissioner of Motor Vehicles at least twelve days before the return day and by sending such a true and attested copy at least twelve days before the return day, by registered or certified mail, postage prepaid and return receipt requested, to the defendant at his last address on file in the Department of Motor Vehicles if (1) it is impossible to make service of process at the operator's last address on file in the Department of Motor Vehicles, and (2) the operator has caused injury to the person or property of another." Subsection (c) of that statute allows for the same type of service under the same circumstances on an owner of a motor vehicle when "the owner has loaned or permitted his motor vehicle to be driven by another." Although the Marshal's return indicates that he "made due and diligent search throughout [his] precincts to locate" the Defendants, he does not state what address was on file in the Department of Motor Vehicles for each of the Defendants, why service there was impossible, and that he did in fact send the writ to the Defendants at the last addresses on file for them in the Department. The return indicates only to which addresses the copies of the writ were mail, and although the return indicates that a supplemental return is to follow regarding the mailing, none appears in the court file.
"[A]n officer's return is only prima facie evidence of the facts stated therein. It may be contradicted and the facts shown to be otherwise.Palmer v. Thayer, 28 Conn. 237; 242; Buckingham v. Osborne, 44 Conn. 133,141; Coast Lakes Contracting Corporation v. Martin, 92 Conn. 11,16, 101 A. 502." Cugno v. Kaelin, 138 Conn. 341, 343 (1951). Here the Marshal's return is not sufficient alone to establish that he complied with the provisions of General Statutes § 52-63 since the Defendants' affidavits contradict any claim implicit in the officer's return that the addresses listed therein were those on file in the Department. No further evidence was introduced by the Plaintiff to contradict the Defendants' claims or support the Marshal's return that he accomplished service in accordance with the statute. "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard TallowCorporation v. Jowdy, 190 Conn. 48, 54 (1983). The Plaintiff has not met this burden. CT Page 11646
The Motion to Dismiss is granted.
Jane S. Scholl, J. CT Page 11647