DE LAFAYETTE PARKS *vs.* HORACE SHELDON.

A receiptor of attached property refused to deliver it to the officer upon his demand, and the next day the debtor filed his petition as a bankrupt under the United States bankrupt act. The attachment had been made within four months preceding the bankruptcy, and judgment had been obtained, execution taken out, and demand made upon the debtor on the execution. Held that the officer was entitled to recover the value of the property as fixed by the receipt or so much of the same as would satisfy the execution and costs.

Where the attachment lien continues and nothing has occurred to discharge the receiptor from the duty to return the property to the officer, his liability to the officer after demand made is an absolute debt, and the right of action of the officer is immediate and is irrespective of the question whether the property will be needed for the payment of the debt.

And it seems that where the levy of an execution upon property attached has been prevented solely by the refusal of the receiptor to deliver up the property, the latter should not be allowed to take advantage of the fact that the levy had not been made.

ASSUMPSIT on a receipt given to the plaintiff as deputy sheriff, for personal property attached; brought to the Superior Court in Hartford county and tried to the jury on the general issue, with notice, before *Pardee, J.* Verdict for the plaintiff and motion for a new trial by the defendant for error in the charge of the court. The case is sufficiently stated in the opinion.

*T. C. Perkins* and *Jones*, in support of the motion.

*E. Hall*, contra.

CARPENTER, J. On the 31st day of January, 1868, the plaintiff, a deputy sheriff, attached, on mesne process, certain property of Andrew J. Easton, and delivered the same to the defendant, taking his receipt therefor in the usual form. Judgment was rendered in the suit on the 13th day of March following, and execution issued, which came into the hands of the plaintiff for service. On the 2d day of April he made demand of the debtor for payment of the execution, which being refused, he made demand of goods whereon to levy to

satisfy the same.   None being shown him, and he being unable to find any within his precincts, he demanded of the defendant a return of the property attached.   This demand was refused, and on the next day Easton filed his petition for the benefit of the United States bankrupt act.   This action is brought on the receipt. The defense is that the attachment was dissolved by the proceedings in bankruptcy.

Upon the trial the defendant asked the court to charge the jury, that under the act of congress relating to bankruptcy the attachment was dissolved, and the property was rightfully delivered to the assignee, and no action on the receipt could be sustained.   The court refused so to charge, but on the contrary charged that the defendant was liable, and the defendant moves for a new trial.

It is conceded, on the one hand, that the attachment would have been dissolved by operation of the bankrupt law if there had been no subsequent proceedings upon the execution ; and on the other, that if the execution had been actually levied on the property, it would have created a valid lien, which would have been unaffected by the proceedings in bankruptcy. The defendant now claims that there was no actual levy and therefore no lien.

We do not think the defendant is exactly in a condition to make this claim.   It was his duty, when the demand was made, to redeliver the property to the officer.   Had he done so it would have been the duty of the officer immediately to levy the execution, and presumptively he would have done so. The only reason, then, why the execution was not levied, was the refusal of the defendant to redeliver the property in fulfillment of his contract.   Upon the principle that no man shall be permitted to take advantage of his own fault or neglect of duty, we do not see why the defendant is not estopped from making this claim.

But we think the ruling of the court below can be vindicated upon other and less technical grounds.   The officer received the execution on the 25th of March.   It was his duty within a reasonable time to take measures for its collection. Had he failed to do so, and in consequence of such neglect

the debt had been lost, he would have been liable to the cred-
itor. Had the property been in his personal custody he would
without doubt have levied the execution immediately upon
Easton's refusal to pay. A failure to do so, and consequent
loss, would have subjected him to liability, unless he could
show sufficient reasons for the delay. That there would have
been no such delay is evident from the fact that he did all in
his power to perfect the levy on the day on which he made
demand of Easton. It would seem then that the creditor lost
his lien upon the property, or rather failed to acquire an in-
defeasible lien, in consequence of the fact that the officer,
instead of retaining possession in himself, took a receipt
therefor. If so, the officer is clearly liable to the creditor,
and has his remedy over against the receiptor.

But be this as it may, the receipt, although contingent in
some respects, is not a mere contract of indemnity. The
obligation of the receiptor is undoubtedly discharged if, before
demand, the suit is determined against the attaching creditor,
or the debt is paid or otherwise discharged; or, in some cases,
if the property can be shown to be the property of a third
person and that it has been delivered to the rightful owner.
So too the receiptor may pay the debt, or, if the officer has
already paid it, may indemnify him, and thus save himself
from liability on his receipt.

But on the other hand, while the lien created by the attach-
ment continues, the officer may at any time demand a return
of the property, and if it is refused he has an immediate
right of action, irrespective of the question whether it will or
will not be needed for the payment of the debt on which it
was attached. In such a case the contingent liability of the
officer to the creditor is a sufficient interest in him to entitle
him to maintain the suit. But the liability of the receiptor
is absolute. The officer collects and holds the funds subject
to the result of the suit, and pays them to the creditor, or
debtor, as the result may be. In either case the receiptor
looks to the debtor for his indemnity.

How was it in the present case? When demand was made
of the defendant the lien created by the attachment still con-

tinued, judgment had been rendered in that suit, execution had issued, demand had been made of the debtor, and he had refused to pay ; so that the property was needed forthwith to respond to the judgment.

The moment the defendant refused to redeliver the property, his liability to the officer became absolute for the amount of the execution and costs, provided it did not exceed the valuation named in the receipts, and if it did, then for the sum so named.

If this is a correct view of the nature of a receipt, and the liability of the parties thereto, then it necessarily follows that the demand sought to be recovered in this action is a debt due from the defendant to the plaintiff. That such an indebtedness will not be discharged, nor in any manner affected, by proceedings in bankruptcy upon the petition of Easton, we think is too clear for argument.

For these reasons a new trial is not advised.

In this opinion the other judges concurred.