WILLIAM ALSOP AND ANOTHER *vs.* WILLIAM S. WHITE.

Personal property was attached by the plaintiffs and a receipt under seal given for it to the officer by the defendant and another, acknowledging the attachment, and a certain value of the property, and promising to re-deliver it on demand or pay the judgment obtained. A year after, and while the suit was pending, the defendant went into bankruptcy and made a composition with his creditors under the bankrupt law. The claim in suit was put by him into his schedule and notice given the attaching creditors, who refused to join in the composition or to accept the composition notes when tendered. The court below rendered judgment in the suit for the full amount of the debt, with an order that the execution be collected only out of the property attached. Held, on a motion in error—

1. That the defendant could not be heard to deny that there was a valid attachment of the property.

2. That the composition proceedings had not affected the plaintiffs' right to judgment in the suit for the full amount of the debt.

3. That the form of the judgment, limiting its operation to the property attached, was right.

ASSUMPSIT on a promissory note ; brought to the Superior Court in Hartford County, and tried to the court, on a special plea in bar, before *Culver, J.* Facts found and judgment rendered for the plaintiffs, and motion in error by the defendant. The case is fully stated in the opinion.

*L. E. Stanton*, with whom was *G. G. Sill*, for the plaintiff in error.

*C. E. Gross*, for the defendants in error.

PARDEE, J. In May, 1876, Alsop & Clark instituted this

action of assumpsit in the Superior Court for Hartford County against William S. White, and by way of security attached a quantity of lumber belonging to him. Of this the officer permitted him to resume possession upon the delivery of the following receipt:

"Received of Homer T. Bissell, deputy sheriff of the county of Hartford, fifty thousand feet of clear lumber, and fifty thousand feet of second clear lumber, all which is this day attached as the property of William S. White, at the suit of Alsop & Clark against said William S. White; as per writ demanding four thousand dollars damages and costs of suit, and returnable to the July term of the Superior Court for Hartford County, on the first Tuesday of July, 1876. Which said property we hereby jointly and severally acknowledge and covenant to be the proper estate of said defendant, and to have been in the possession of the said Homer T. Bissell, under attachment in the above-mentioned suit, and to be of the value of four thousand dollars. And we further jointly and severally covenant to keep the same, at our own risk and expense, and to re-deliver the same to the said Homer T. Bissell, or to his order, on demand; and, on failure thereof, to pay the said Bissell for said property at the above valuation, and such other costs and damages as he may sustain thereby. And we jointly and severally covenant that in case the said William S. White shall become insolvent or bankrupt by the act of himself or his creditors, we will pay the amount of the judgment obtained in said suit, not exceeding the above-mentioned value of the property herein named, to the said Bissell or his order. Dated at Hartford, this 10th day of May, 1876.     WILLIAM S. WHITE,   [L. s.]

GEORGE G. SILL.   [L. s.]"

The court rendered a special judgment *in rem* in favor of the plaintiffs, and ordered execution to issue, to be levied upon or collected out of the property attached, and not otherwise.

The defendant files a motion in error, specifying that there was error in deciding that the plaintiffs' claim had not been satisfied and discharged by composition proceedings in the

United States District Court; in deciding that there was a valid attachment of the lumber; and in rendering the judgment *in rem*.

The lien created by placing an attachment upon property more than four months prior to the institution of proceedings in bankruptcy against the owner remains unaffected thereby; the fourteenth section of the bankrupt act providing substantially as follows:—"As soon as an assignee is appointed and qualified, the judge, or where there is no opposing interest, the register, shall, by an instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt,      *      *      and such assignment shall relate back to the commencement of the proceedings in bankruptcy, and by the operation of law shall vest the title to all such property and estate, both real and personal, in the assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of the bankruptcy proceedings." And section 5103 of the Revised Statutes of the United States, being the composition clause of the bankrupt act passed in 1874, provides as follows: "In all cases of bankruptcy now pending, or to be hereafter pending, by or against any person, whether an adjudication in bankruptcy shall have been had or not, the creditors of such alleged bankrupt may, at a meeting called under the direction of the court, and upon not less than ten days' notice to each known creditor, of the time, place and purpose of such meeting, such notice to be personal or otherwise as the court may direct, resolve that a composition proposed by the debtor shall be accepted in satisfaction of the debts due to them from the debtor. And such resolution shall, to be operative, have been passed by a majority in number and three-fourths in value of the creditors of the debtor assembled at such meeting either in person or by proxy, and shall be confirmed by the signatures thereto of the debtor and two-thirds in number and one-half in value of all the creditors of the debtor.      *      *      Such resolution, together with the statement of the debtor as to his assets and

debts, shall be presented to the court; and the court shall, upon notice to all the creditors of the debtor of not less than five days, and upon hearing, inquire whether such resolution has been passed in the manner directed by this section; and if satisfied that it has been so passed it shall, subject to the provisions hereinafter contained, and upon being satisfied that the same is for the best interest of all concerned, cause such resolution to be recorded and statement of assets and debts to be filed; and until such record and filing shall have taken place, such resolution shall be of no validity.  *  *  The provisions of a composition accepted by such resolution in pursuance of this section shall be binding on all the creditors whose names and addresses and the amounts of the debts due to whom are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditor."

On May 7th, 1877, nearly one year subsequent to the date of the plaintiffs' attachment, the defendant made in the United States District Court a proposition for composition, which was accepted by a majority in number and three-fourths in value of his creditors, and was subsequently confirmed by the signatures of himself and two-thirds in number and one-half in value of his creditors, and by the court. The plaintiffs' names and debt were upon the schedule, and the defendant offered them endorsed notes according to the terms of the composition, which they refused to take. They did not appear, or present any claim at the meeting.

The section last recited is to be considered as a part of the law establishing a system of bankruptcy, providing as it does for a compromise between debtor and creditor, to be carried on under the regulation of law and the supervision of the court, for the satisfaction of debts for sums less than their respective amounts, for the relief of debtors from personal liability for the unpaid balance, and for the exercise by creditors of the right to insist that the percentage paid shall be as large as the property can reasonably be expected to yield. Its effect upon liens is restricted within the same limit as is that of the original act.

The defendant, desiring to protect himself from the effect of the attachment and detention of the property, regained possession by giving a receipt in which he covenanted to keep and re-deliver it. Doubtless, a subsequent purchaser from him for value could defend against a demand for it by the officer; but, as between the defendant and the officer, the former is not to be heard to say that he has broken his covenant and destroyed the lien; so far forth as he is concerned, the legal effect of his contract is, that for the purposes of the judgment the lien remains in full force. This being true, the law will provide a method by which the plaintiffs can make it available. Under ordinary circumstances a general judgment would have been rendered in their favor. But the compromise proceedings forbid this; for, by these, the defendant has shielded himself from personal liability upon his debts; the plaintiffs are limited to their security upon the property attached; the right to avail themselves of this remains to them; the result can only be attained by the special judgment *in rem.* It assumes this restricted form from the necessities of the case, as the only instrumentality by which they can possibly gather the fruits of their security. To deny them this is to destroy judicially a lien saved by the legislature. *Parks* v. *Sheldon,* 36 Conn., 466; *Daggett* v. *Cook,* 37 id., 343; *Batchelder* v. *Putnam,* 54 N. Hamp., 84; *Iver* v. *Sturges,* 12 Met., 462; *In re Albrecht,* 17 Nat. Bank Register, 287, U. S. Dist. Court, East Dist. of Michigan.

The officer, while he was in possession of the lumber, granted the defendant's request for permission to sell and deliver some portion of it; the latter now insists that this act vacated the attachment as to the whole. It is a sufficient answer to this to say, that having covenanted that the whole was under a valid attachment, he cannot now deny it.

There is no error in the judgment complained of.

In this opinion the other judges concurred.