PETER DOOLAN, JR., *vs.* ROBERT WILSON ET AL.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An entry in a party's memorandum book, of an occurrence testified to
by him, is a mere declaration in his own interest and inadmissible
either in corroboration of his testimony or as independent evidence.
An officer holding a receipt in the usual form for property attached, is
not obliged to search for the property after demanding it on execu-
tion. The receiptor is bound to redeliver it on demand or else pay
the amount of the judgment.

Argued November 7th—decided December 18th, 1900.

ACTION upon an officer's receipt for property attached,
brought to the Court of Common Pleas in Fairfield County
and tried to the court, *Curtis, J.;* facts found and judgment
rendered for the plaintiff for $576, and appeal by the defend-
ant Wilson for alleged errors in the rulings of the court.
*No error.*

The finding stated these facts: The receipt recited an at-
tachment by the plaintiff, as deputy-sheriff, of certain horses
and wagons particularly described, on a writ against John
Poland, and concluded as follows : " Which said property, we,
the undersigned, for a valuable consideration, hereby jointly
and severally promise and agree to keep at our own risk and
expense, to redeliver the same in good order to said officer
(or to any officer legally authorized to receive the same) on
demand, or in default thereof to pay the sum of two thousand
dollars, or, if demand be not made before judgment is ren-
dered, the amount of damages and costs which shall be recov-
ered by the plaintiff in said case, if the same shall not exceed
said sum. It being understood and agreed that we the under-
signed, are hereby estopped from denying that the property
herein described has been attached by said officer, and that
we have received the same from him, and that the same is
the property of said defendant and is of the value herein
named."

Part of the property when attached was in one barn and part in another, situated two miles from the former, but in the same city. The plaintiff, holding an execution issued in favor of the plaintiff in the suit in which the attachment had been made, upon a judgment for less than $2,000, went to one of the barns to make a levy, but found none of the property there. He did not go to the other. It was then all at the other, or elsewhere in the city, and could have been found by the officer by the exercise of diligence. On the next day he made demand for the property on the defendants as receiptors. They did not return or offer to return it, nor pay the judgment debt, nor tell the officer where the property then was. The date of this demand was in dispute.

One of the defendants testified that it was on July 1st, and that he did then tell the officer where the property was to be found. To corroborate this testimony, and also as independent evidence, he offered an entry in a memorandum book, under date of July 1st, 1899, reading thus : " Sheriff Doolan has this day made demand upon me for the property covered by the receipt which I signed for Mr. Poland, and I told him it was exactly where it was when I receipted for it, and that he could go there and take it." This entry he claimed was made by him on said day. The evidence thus offered was excluded.

*John C. Chamberlain*, for the appellant (defendant).

*Jeremiah D. Toomey, Jr.*, for the appellee (plaintiff).

BALDWIN, J. The entry in the memorandum book was rightly excluded. All that it contained had already been stated under oath by the defendant who offered it. He did not wish to use it to refresh his recollection. For any other purpose it was a mere declaration in his own interest. *Palmer* v. *Hartford Dredging Co.*, 73 Conn. 182.

The officer was not bound to search for the property which he had attached. The receipt means what it says. It threw on the defendants, as things stood, the absolute duty of redelivering the property to the plaintiff on his demand, or else of

paying the judgment upon which the execution, which he held, was issued. *Parks* v. *Sheldon*, 36 Conn. 466.

There is no error.

In this opinion the other judges concurred.