Kinmouth v. Braeutigam.

---

HUGH S. KINMOUTH

*v.*

FREDERICK C. BRAEUTIGAM et al.

[Filed May 15th, 1902.]

A judgment entered against a bankrupt after the filing of his petition, though before the adjudication, does not constitute a lien on his property, and cannot be enforced by execution or by creditor's bill.

On bill and plea.

*Mr. R. Ten Broeck Stout* and *Mr. Wesley B. Stout,* for the complainant.

*Mr. Edward H. Murphy,* for the defendants.

REED, V. C.

The bill sets up that Kinmouth obtained a judgment against Frederick C. Braeutigam in the supreme court of this state on December 27th, 1898, for the sum of $2,604.53, and that on December 30th, *fieri facias* were delivered to the sheriffs of Monmouth, Union and Hudson counties; that in default of goods and chattels upon which to levy, each of these officers levied upon certain lands lying within their respective counties.

The bill states that Frederick C. Braeutigam had been indebted to the complainant since February, 1894, for which indebtedness certain promissory notes were given, upon the renewals of which notes the action was brought in which judgment was entered on December 27th, 1898.

The bill further states that certain of the properties upon which levies were made were bought by Braeutigam, who caused the title to them to be put in the name of his wife for the purpose of defrauding his creditors, and that certain other property levied on was once in his possession, but was sold under an execution on a judgment against him, which judgment he had bought, and at the sale under it, he caused the property to be bought in in the name of another, but for his benefit, and it was so put in the name of the nominal purchaser for the purpose of defrauding his creditors.

The bill is a creditor's bill, filed January 12th, 1899, seeking to have this property applied to the payment of the complainant's judgment.

To this bill a plea was filed. The plea sets up that on November 21st, 1898, Frederick C. Braeutigam filed a petition in bankruptcy in the United States district court, and on January 12th he was adjudicated a bankrupt; that on February 6th a trustee was appointed who, on February 20th, filed his bond and

qualified.   It is thus perceived that the judgment was entered
after the filing of the petition in bankruptcy, and before the de-
fendant was adjudicated a bankrupt, and that the present bill
was filed on the day of such adjudication.   Had the judgment
been entered after the adjudication in bankruptcy, it would be
entirely clear that no lien could attach to any of the debtor's
property owned by him at the time the petition was filed, by
force of any execution or of a creditor's bill.

The title of a trustee to the bankrupt's property relates to the
date of the adjudication in bankruptcy (*Bankruptcy act of 1898*
§ *70*), and by no act of the bankrupt or of his creditor can a
lien be imposed upon it after that date.   That the property the
title to which is passed to the trustee would include the prop-
erty sought to be reached by this bill is manifest, for, by section
70, paragraph 4 of the Bankruptcy act, the trustee is invested with
title to all property transferred by the bankrupt in fraud of his
creditors.   In respect to the *status* of the property of the bank-
rupt between the date of the filing of the petition and the ad-
judication in bankruptcy, the act of 1898 is strangely silent, but
I think it is to be concluded from the whole scheme of the
Bankruptcy act that after a petition is filed, no judgment subse-
quently entered against the bankrupt can be enforced by execu-
tion or by a creditor's bill.

In the first place, the act itself provides for a stay of all suits
against a bankrupt after the filing of the petition in bankruptcy.
By the provision of section 11, paragraph A, suits upon a claim
which is not only provable, but which will be released by a dis-
charge in bankruptcy, may be stayed.   The method for obtain-
ing a stay is either by application to the federal court for an
injunction, or to the court in which the proceeding or suit is
pending.   The latter course is deemed the proper proceeding in
the first instance, and a state court will stay such a suit, if in-
formed by proper pleading of the pendency of a proceeding in
bankruptcy against the defendant.   *Coll. Bankr. 131.*

In this case, the debt for which the judgment is entered (for
the collection of which this bill is filed) is one which will be re-
leased if the discharge is granted.   The judgment was not rend-
ered in an action for fraud in the sense of the seventeenth section

of the Bankruptcy act. *Barnes Manufacturing Co.* v. *Nordan,*
*51 Atl. Rep. 454.*

It is therefore apparent that if an application had been made
to either court, the suit in which the judgment in *Kinmouth* v.
*Braeutigam* was entered would have been stayed. It was, how-
ever, not stayed, and judgment was entered, and, being entered,
not within four months preceding the filing of the petition in
bankruptcy, but after the filing of the petition, it was not
successfully challenged on a motion to vacate it. *Kinmouth* v.
*Braeutigam, 36 Vr. 165.* The ruling of Mr. Justice Collins
in that case was approved by Judge MacPherson in the case
of *In re Engle, 5 Am. Bankr. Rep. 372.* It was that judgment
which is the foundation of this creditor's bill. The sentiment
of the federal courts seems to be that section 67, paragraph F
applies only to the lien of judgments, and not to the judgments
themselves. The judgment itself may remain until it is ascer-
tainable whether the bankrupt will or will not be discharged.
In case of a discharge of the bankrupt, the judgment is released.
In case of the failure of the bankrupt to obtain his discharge,
the judgment remains. But even in the latter event it can never
be enforceable against any property owned by the bankrupt at
the time he filed his petition in bankruptcy, but can only be
used against after acquired property. This view, in respect to
the entry of a judgment after the filing of the petition in bank-
ruptcy, as well as in regard to the force of such judgment as a
lien, is supported by the provisions of section 63, paragraph A,
subdivision 5 of the Bankruptcy act. Debts of the bankrupt may
be proved and allowed against his estate which are (5) founded
upon provable debts reduced to judgment after the filing of the
petition, and before the consideration of the bankrupt's applica-
tion for discharge, less costs incurred and interest accrued after
the filing of the petition, and up to the time of the entry of such
judgment.

Here is a recognition of judgments entered between the filing
of the petition and the application for discharge; while the pro-
vision respecting the provability of debts so reduced to judgment,
less costs and interest accrued after the filing of the petition, is
an implied negation of the existence of any lien to be obtained

in any manner against the bankrupt's property by force of such judgment.

My conclusion is—*first,* that the plea setting up the filing of the petition in bankruptcy, the adjudication and the appointment of a trustee, is good as a foundation for a stay of the creditor's bill; and *second,* that it amounts to a complete bar to the complainant's right to ever carry such suit to a successful conclusion because the judgment (a lien under which is relied upon by the complainant as the foundation of his right to sue) having been entered after the filing of the petition in bankruptcy, never became a lien upon this equitable property of the bankrupt defendant.

The plea is sustained.