WALTER B. LANNEN *vs.* PASQUALE CIMENERA.

Third Judicial District, Bridgeport, April Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

In an action upon an officer's receipt for goods attached, the receiptor is bound, in the absence of fraud or mistake, either to redeliver the goods upon demand, or to pay the amount of the judgment rendered against the original defendant, there being an express promise in the receipt to that effect.

The receiptor filed a cross-complaint alleging that when the receipt was signed it was agreed that he should not be liable beyond the market value of the goods attached, and that by fraud or mistake

of the scrivener the appropriate words to express such limited liability were omitted, and prayed that the terms of the receipt might be reformed in accordance with such oral understanding. *Held* that while there was strong evidence in support of these averments, the testimony was nevertheless conflicting, and therefore the action of the trial court in deciding this issue in favor of the plaintiff would not be disturbed on appeal.

Argued April 12th—decided June 15th, 1911.

ACTION to recover on an officer's receipt for property attached, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the plaintiff for $980, and appeal by the defendant. *No error.*

*Francis P. Guilfoile,* for the appellant (defendant).

*Charles W. Bauby,* for the appellee (plaintiff).

HALL, C. J. The plaintiff as a constable attached on June 4th, 1907, certain goods in the grocery store of Maria Chiodo, a tenant of the defendant, in Waterbury, by virtue of a writ commanding him to attach her property to the value of $1,000, and on the same day took a receipt for said property, signed by said Maria Chiodo and the defendant, which, after reciting the attachment and that the signers of the receipt had received the attached property from the plaintiff Lannen, contained this language: "Which said property we, the undersigned, for a valuable consideration, hereby jointly and severally promise and agree to keep at our own risk and expense and to redeliver the same in good order to the said officer, or to any officer legally authorized to receive the same, on demand, or in default thereof to pay the sum of one thousand dollars (or if demand be not made before judgment is rendered), the amount of damages and costs which shall be recovered by the plaintiff in said case, if the same shall not exceed said

sum. It being understood and agreed that we, the undersigned, are hereby estopped from denying that the property described has been attached by said officer, and that we have received the same from him, and that the same is the property of said defendant and is of the value herein named." The receipt referred to an annexed schedule, which, headed "Schedule and Valuation of Property Attached," described certain groceries, and closed with the words "all of the value of one thousand dollars."

The plaintiff in the attachment writ afterward obtained judgment against Maria Chiodo, the amount of which, with interest and costs, is the amount of the judgment rendered in this case. After said judgment the plaintiff demanded said goods of the defendant, and the defendant failed to redeliver them, Mrs. Chiodo having sold the goods in her business and having left Waterbury. The value of the goods so attached as appraised by a competent appraiser was $180; and the defendant duly tendered to the plaintiff $180 and costs of suit, which the plaintiff refused to accept.

In addition to his answer denying that the receipt contained the words "all of the value of one thousand dollars," and alleging the value of the goods to have been $180, and a tender of that sum, the defendant filed a cross-complaint alleging that when the receipt was executed it was agreed that the defendant should only be bound to the extent of the market value of the goods attached, and that, by the mistake or fraud of the scrivener, the appropriate words to express such limited liability were omitted, and that the defendant, who was a foreigner and unable to read English, was improperly induced to believe that by the terms of the receipt as it was finally executed he was only bound to the extent of the market value of the attached goods. The cross-complaint asks for a reformation of the re-

ceipt so that it shall state that the defendant's liability is limited to the market value of the goods attached.

By the express terms of the receipt in its present form, the defendant, having failed to redeliver the goods on a demand made after judgment in the suit in which they were attached, is clearly liable to pay the amount of such judgment.

The trial court refused to grant the relief asked for in the cross-complaint, and the principal reasons of appeal are its alleged errors in refusing to correct the finding as, in effect, requested by the defendant, so that it would show that it was understood by the parties that the defendant was only to be bound to the extent of the value of the attached goods, and so that it should appear that it was represented to the defendant that such was the effect of the language of the receipt.

There was certainly very strong evidence in support of the averments of the cross-complaint. It was unquestioned that after he had signed the receipt the defendant returned to the office of the attorney who drew it, and who appears to have been the attorney for the plaintiff in the attachment suit, and objected to the provision fixing the value of the goods at $1,000, saying that he did not think the goods were worth $1,000, and that the attorney told him, in effect, that these words did not mean anything, and erased them from the receipt. The attorney, however, failed to erase the provision that the defendant was estopped from denying that the goods were "of the value herein named." He also left in the receipt the provision that if the defendant failed to redeliver the goods on demand before judgment, he should pay the sum of $1,000, and also the provision that if he failed to redeliver them after judgment he should pay the judgment not exceeding $1,000. With these provisions remaining in the receipt, it is difficult to see how the attorney could have thought that

the defendant was benefited by having the words "all of the value of one thousand dollars" erased from the receipt. While the entire evidence seems to us quite persuasive that the attorney must have understood that the defendant meant, by what he said and did, that he would not become bound beyond the value of the goods, yet the attorney testified in effect that such was not the understanding, and that when he erased the valuation clause he explained to the defendant his liability under the corrected receipt to return the goods or pay the judgment that might be rendered. The question of fraud or mistake was one of fact, which it was the province of the trial court, who saw and heard the witnesses, to decide. That court has found the issues regarding the fraud or mistake alleged in the cross-complaint in favor of the plaintiff, and its decision is conclusive.

As there was a conflict of evidence upon the points respecting which a correction of the finding was requested, we find no error in the refusal of the trial court to make the corrections asked for.

There is no error.

In this opinion the other judges concurred.