JOHN J. MALEY *vs.* SIMON HUGO.

Third Judicial District, New Haven, June Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

This court will not undertake to correct the finding of facts made by the trial court, if it appears from the record that there was evidence before that court from which the findings objected to could have been reasonably deduced.

A re-delivery of goods held under an officer's receipt is not accomplished by mere expressions of a willingness to turn them over, especially where, as in the present case, the goods are so intermingled with others in the possession of the receiptor that they cannot be distinguished, and nothing is done by him to separate them or to facilitate an actual delivery of the property.

Argued June 4th—decided July 25th, 1913.

ACTION upon a receipt given to an officer for property attached, brought to and tried by the Superior Court in New Haven County, *Holcomb, J.;* facts found and judgment rendered for the plaintiff for $601, and appeal by the defendant. *No error.*

*Howard C. Webb,* for the appellant (defendant).

*Charles F. Mitchell,* for the appellee (plaintiff).

PER CURIAM. The complaint alleges the attachment of the property in question, a delivery of the receipt upon which this action is based, and that "on the 13th day of April, 1912, and during the continuance of said attachment lien, the plaintiff demanded said property of the defendant, who failed to redeliver the same."

The answer admitted all the allegations of the complaint except that portion which averred that the defendant failed to redeliver the property.

The defendant contended that at no time had he failed, neglected, or refused, to redeliver the goods attached.

The Superior Court found that the defendant failed to deliver this property in compliance with a demand which was made upon him.

The defendant contends that the conclusions of the trial court are not warranted by the evidence, which is before us under § 797 of the General Statutes, and we are asked to correct the finding. This we cannot do if it appears that there was evidence from which the court below could have reasonably reached the conclusions complained of. The record discloses that the findings of the trial court could have been fairly deduced from the evidence. The motion to correct is denied.

Therefore we need only to inquire whether the facts found support the conclusion of the Superior Court that there had been no redelivery of the property attached. As already stated, it is conceded that the receipt upon which this action is based was signed and delivered by the defendant, and that a demand has been made for the goods attached. It is also admitted that there has

been no actual delivery of this property. The defendant contends that his utterances and conduct, at the time the plaintiff made demand upon him, did not amount to a prima facie refusal to deliver the goods demanded. The trial court found, in effect, that the property in question was attached in July, 1911, by the plaintiff, then a constable in New Haven, in an action by one Archibald M. Grimes against Edward C. Thompson. The plaintiff accepted an officer's receipt for the property so attached, signed by Thompson and the defendant, Hugo. Thompson, at the time of the attachment, was engaged in the restaurant business in a building in New Haven owned by the defendant. After the goods were attached, Hugo allowed them to remain in the possession of Thompson until December, 1911. At this time Thompson gave up the restaurant business, and the defendant sought to protect himself from loss because of his liability upon the officer's receipt. He obtained from Thompson all of the goods, fixtures, and utensils which were then in Thompson's place of business. This included most of the articles described in the officer's receipt. Ten boxes of cigars and $20.65 in money had disappeared. There were several other articles enumerated in the officer's receipt which it did not clearly appear were delivered to the defendant by Thompson when he obtained possession of the other property.

In March, 1912, Grimes recovered judgment against Thompson for $570.19, in the action in which the officer's receipt was given. April 11th, 1912, an execution was issued upon this judgment. April 12th, 1912, the attorney for Grimes notified an agent of the defendant that Grimes would, on the following day, demand of the defendant the goods enumerated in the officer's receipt signed by Hugo. The receipt contained the following: "Which said property we hereby, for a valuable con-

sideration, agree and promise jointly and severally to redeliver in good order to said officer (or to any officer legally authorized to receive the same), on demand, or in default thereof to pay the sum of three thousand dollars and            (or if demand be not made before judgment is rendered), the amount of damages and costs which shall be recovered by the plaintiff in said case, if the same shall fall short of said sum of three thousand. It being understood that we are hereby estopped from denying that the property herein described has been attached by said officer and that we have received the same from him, and is the property of said defendant and of the value herein named."

Upon demand being made for the return of the property, Hugo stated to Maley that Saturday was a busy day, and he could not give Maley the property on that day, but that he would have to wait until Monday. Maley replied that he wanted the property that day. The defendant then replied that Thompson owed him some rent, and he would have to look into the matter of getting the rent before he would let the property go, and he stated further to Maley that there were storage charges upon the goods which Maley would have to pay before he could get the goods.

Upon several occasions after Hugo took possession of the property in December, 1911, an agent of Hugo's notified the plaintiff that Hugo was ready and willing to deliver the goods attached in the suit of Grimes v. Thompson. Maley did not accept the goods or indicate a place for their delivery, because of the inability of the defendant to make such a delivery.

At no time when these offers to deliver were made were the goods described in the officer's receipt separated from other goods with which they were mingled, so that they could be distinguished. At no time when these offers were made was Hugo ready, able, or willing

to deliver all the goods which were attached, and for which the officer's receipt was given.

Upon these facts the Superior Court found that there had been no delivery of the goods in question.

The defendant, by the plain terms of the officer's receipt, was to redeliver the goods to the officer on demand. This he did not do. His failure to redeliver the goods on demand made him liable. *Parks* v. *Sheldon*, 36 Conn. 466, 469; *Lannen* v. *Cimenera*, 84 Conn. 341, 344, 80 Atl. 156. "The officer was not bound to search for the property which he had attached. The receipt means what it says. It threw on the defendants, as things stood, the absolute duty of redelivering the property to the plaintiff on his demand, or else of paying the judgment upon which the execution, which he held, was issued." *Doolan* v. *Wilson*, 73 Conn. 446, 447, 47 Atl. 653.

The defendant's plea that he tendered the property in question is of no avail. The trial court has found that he was unable to perform such an undertaking. The facts presented showed that the articles in question were mixed with other property so that they were not distinguishable. To make a valid tender the defendant should have set the articles apart and designated them, so that they could be distinguishable from others with which they were mingled. *Smith* v. *Loomis*, 7 Conn. 110, 114.

There is no error.