In re SCHOW.

(District Court, D. Connecticut. April 14, 1914.)

No. 3298.

1. BANKRUPTCY (§ 194*)—LIENS BY LEGAL PROCEEDINGS.

The time and manner in which a lien attaches to property through legal proceedings begun before bankruptcy depends wholly upon the law of the state in which the property is located.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 287, 289; Dec. Dig. § 194.*]

2. ATTACHMENT (§ 322*)—RETURN—DESCRIPTION OF PROPERTY—SUFFICIENCY.

Under Gen. St. Conn. 1902, § 827, requiring an officer to leave with an attachment defendant a copy of his return describing any estate attached, a return which described certain specific articles of a stock of furniture "and a lot of miscellaneous furniture" was not good as to any articles not specifically enumerated.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1153–1159; Dec. Dig. § 322.*]

3. ATTACHMENT (§ 188*)—CUSTODY OF PROPERTY—DELIVERY TO RECEIPTOR.

Where a sheriff, instead of retaining possession of attached property, took the receipt of the attachment defendants therefor, he released the attachment lien upon the property, and any other creditor could then have attached it and secured the property free from the lien of the prior attaching creditor.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 608; Dec. Dig. § 188.*]

4. SHERIFFS AND CONSTABLES (§ 119*) — LIABILITY — RELEASE OF ATTACHED PROPERTY.

Where a sheriff released an attachment lien by taking the defendants' receipt for the property, he assumed the risk of answering to the attaching creditor in case the property was not forthcoming upon the judgment execution, unless the property was lost by such casualties as ought legally to excuse the officer, and the officer in his turn had a right of action against the defendants who receipted for the goods.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 195, 199–204; Dec. Dig. § 119.*]

5. BANKRUPTCY (§ 195*)—ATTACHMENT LIEN—EFFECT OF RELEASE.

While Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), making void attachments levied within four months prior to the filing of a petition in bankruptcy against the property of an owner, does not affect a valid attachment levied more than four months before the bankruptcy petition was filed, the release of such lien by the

taking of the debtors' receipt for. the property defeats the right of the attaching creditor to a prior lien thereon in the bankruptcy proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 296–305; Dec. Dig. § 195.*]

6. BANKRUPTCY (§ 196*)—EXECUTION LIEN—LEVY AFTER FILING OF BANKRUPTCY PETITION.

Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), making void liens secured by legal proceedings during four months prior to the filing of a bankruptcy petition, does not apply to an execution levied after the filing of the petition, but such levy is ineffectual to create a lien, since upon the filing of the petition jurisdiction over all the property of the bankrupt vests in the bankruptcy court, although the title thereto is not divested until after the adjudication of bankruptcy, and the jurisdiction of the bankruptcy court cannot be ousted by an act under the authority of a state court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. § 196.*]

7. BANKRUPTCY (§ 104*)—CUSTODY OF PROPERTY—RESTRAINING INTERFERENCE.

The bankruptcy court has power to restrain the commission of any act that will interfere with or prevent the due administration of the bankruptcy act to preserve the statu quo pending adjudication of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 156–162; Dec. Dig. § 104.*]

8. BANKRUPTCY (§ 85*)—PETITION—EFFECT OF FILING—NOTICE.

The filing of a petition in bankruptcy is a caveat to all the world and in effect an attachment and injunction.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 85.*]

In Bankruptcy. Petition in involuntary bankruptcy proceedings against Andrew Schow by the temporary receiver to compel Andrew Schlechtweg, Deputy Sheriff, to surrender to the receiver certain property of the alleged bankrupt in his possession. Petition granted, and decree entered accordingly.

David Garfinkel, of Yonkers, N. Y., for petitioning creditors and receiver.

Milton Fessenden, of Stamford, Conn., for trustee and sheriff.

THOMAS, District Judge. This matter comes before the court on the petition of Maurice Berkowitz, the temporary receiver, duly appointed by this court, and empowered to take immediate possession of all property assets and effects whatsoever belonging to the alleged bankrupt, wheresoever located, and in whomsoever's custody or possession the same might be. The receiver was appointed on December 17, 1913, and his petition is dated December 24, 1913.

Bankruptcy proceedings against the alleged bankrupt were commenced by the filing in court, on December 17, 1913, of an involuntary petition, dated December 16, 1913, brought in behalf of three of Schow's creditors, claiming that he be adjudicated a bankrupt, and also the appointment of a temporary receiver to take charge of the alleged bankrupt's property in the interim.

In his petition now before the court, the receiver prays that one Andrew Schlechtweg, a deputy sheriff of Fairfield county, Conn., be ordered to surrender to the receiver certain property of the alleged

bankrupt now in his possession, and claimed to be held by him (Schlechtweg), by virtue of a claimed attachment made on February 8, 1913, and also by virtue of his having made levy thereon to satisfy the amount named in an execution which issued out of the city court of Stamford, on December 19, 1913, upon a judgment that day rendered in favor of E. B. Colby & Co., a New Jersey corporation, doing business in the city of Stamford, Conn., in an action at law brought by that corporation against Schow, a debtor, by process dated and served, by Schlechtweg, on February 8, 1913, and made returnable to the said city court of Stamford, on the fourth Monday of February, 1913.

It would appear from the admissions of all the parties that on February 8, 1913, and also on the date of the involuntary petition, Schow, the alleged bankrupt, was the proprietor of a general retail furniture business, with his store on Main street in the city of Stamford, and that he had, as the stock in trade of his business, considerable merchandise such as is usually carried by persons engaged in that line of business; that, Schow being indebted to E. B. Colby & Co., that corporation, on February 8, 1913, brought against him the action above named, claiming damages to the amount of $250 (the complaint in the action being the usual common counts complaint in vogue in Connecticut), the mandate in the writ commanding the sheriff to attach goods and estate of the said Schow to the value of $250; that Sheriff Schlechtweg went to Schow's store where he claimed to have attached, by virtue of the said process, certain personal property belonging to said Schow, then in his said store, and forming his stock in trade, and afterwards took an officer's receipt therefor, the sheriff's statement in relation to his acts as written by him, on the back of the copy of the writ which he then left with Schow, reading as follows:

"Fairfield County, ss., Stamford, February 8th, A. D. 1913. Then and there by virtue of the original writ, and by the special direction of Charles Milton Fessenden, the plaintiff's attorney, I attached the property of the within named defendant, the following goods and chattels, to wit: 3-9 x 12 rugs; 5 parlor suits; 10 stoves; 5 bedsteads complete; and a lot of miscellaneous furniture; and took the same into my possession and keeping, and on said day I took an officer's receipt for the same. The above and within is a true and attested copy of the original writ and of the accompanying complaint, together with my doings above stated, thereon indorsed. Attest,

"Andrew Schlechtweg, Deputy Sheriff of Fairfield County."

The original process was returned to the city court of Stamford, where the case remained until the 19th day of December, 1913, when a judgment therein was rendered in favor of E. B. Colby & Co., against Schow, and execution thereon issued which was handed to Schlechtweg, who immediately proceeded to levy upon all of the property and assets of said Schow then in his said store. Schlechtweg, on the same day advertised that a sheriff's sale of the goods thus levied on would take place on the 2d day of January, 1914, at 11 o'clock in the forenoon, in the city of Stamford, and refused to honor the demand made on him by the receiver, to turn over said property. Schlechtweg still retains possession of the same as a deputy sheriff.

The decision to be rendered herein must first dispose of those questions which were raised by counsel in argument, viz.: (1) Was a valid attachment made of any part of Schow's stock in trade, by Sheriff

Schlechtweg on February 8, 1913? (2) If there was, was that attachment released by the sheriff taking the officer's receipt? Or (3) did the lien of attachment continue thereafter in favor of Colby & Co., so as to avoid the provisions of section 67 (c and f) of the Bankruptcy Act? (4) Could the sheriff make a valid levy of the execution on any part of the goods belonging to Schow to satisfy the judgment obtained by Colby & Co., on December 19, 1913, which was two days subsequent to the filing of the involuntary petition in bankruptcy?

[1] A proper determination of the first two of these questions necessarily requires us to ascertain what would be the law of Connecticut in like instances, for the time and manner in which a lien attaches to property, by or through legal proceedings, begun before bankruptcy, depends wholly upon the law of the particular state wherein the property is located. In re Blair (D. C.) 108 Fed. 509; In re Darwin, 117 Fed. 407, 54 C. C. A. 581.

[2] If we assume, without deciding, that Sheriff Schlechtweg did make a valid attachment of some part of Schow's stock in trade, by virtue of his serving the writ in the Colby & Co. action, surely the statement of return which he had made upon the copy of process would now prevent him from claiming attachment on anything more than the three rugs, the stoves, the parlor suits, and the bedsteads, which articles he especially enumerated therein. Any attempted attachment by him of more than these was wholly ineffectual in view of the provision contained in section 827 of the General Statutes of Connecticut, Revision of 1902, with which it was his duty to strictly comply. This he did not do, and whether he did make a valid attachment of anything is questionable. Ahearn v. Purnell, 62 Conn. 21, 25 Atl. 393; State v. Hartley, 75 Conn. 107, 52 Atl. 615.

It is not, however, necessary to now decide that question, for the court's decision in this matter may well rest on other grounds.

[3] When the sheriff, instead of retaining possession of the property which he claims to have attached, took a receipt for the same, signed by Schow and Kweskin, he thereby released any attachment lien which may have theretofore been placed upon the property by reason of his claimed attachment, and the creditor, Colby & Co., whose agent he was, thereby lost its right of lien on the property. Parks v. Sheldon, 36 Conn. 466, 4 Am. Rep. 95.

The property having again gone back into the possession of Schow, other creditors of his could thereafter have made attachment of the same property, and hold the same free from the incumbrance of Colby & Co.'s attachment lien. Peters v. Stewart, 45 Conn. 109, 29 Am. Rep. 663; Alsop v. White, 45 Conn. 503; Enscoe v. Dunn, 44 Conn. 98, 26 Am. Rep. 430.

[4] An attaching creditor's rights, however, are not affected by the officer's taking a receipt for the property, as the latter is always presumed to have the property in his custody as long as the attachment lien exists, and he assumes the risk of answering to the creditor in case the property is not forthcoming on his judgment execution, unless it be lost by such casualties as ought legally to excuse the officer. Jordon v. Gallup, 16 Conn. 536, 545. And the officer in turn has his

right of action over, against the receiptor in case of the latter's refusal to surrender the property receipted for, upon demand being made therefor by the officer. Jones v. Gilbert, 13 Conn. 522; Stevens v. Stevens, 39 Conn. 480, 481; Staples v. Fillmore, 43 Conn. 511; Sanford v. Pond, 37 Conn. 588; Parks v. Sheldon, supra; Doolin v. Wilson, 73 Conn. 446, 47 Atl. 653.

[5] The provisions contained in the Bankruptcy Law, now in force, must decide the remaining questions. Though section 67f thereof does not apply to or affect attachments or other valid liens on property obtained through legal proceedings more than four months before bankruptcy is begun, and where a lien exists upon the property, and the same is sold by order of the bankruptcy court, free from such lien, the attaching judgment creditor can claim before the court the benefit of a subrogation as respects the proceeds of sale. Wakeman v. Throckmorton, 74 Conn. 616, 51 Atl. 554; Schunack v. Art Metal Novelty Co., 84 Conn. 331, 80 Atl. 290; Metcalf v. Baker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Pickens v. Ray, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128; Cameron v. U. S., 231 U. S. 710, 34 Sup. Ct. 244, 58 L. Ed. ——.

The case of Metcalf v. Baker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, hereinabove mentioned and which was cited by counsel for Schlechtweg, has no application to a matter like the one now before the court, as that decision, aside from construing the intent and purpose of section 67f, of the Bankruptcy Act, takes cognizance only of the law of New York state, only in so far as upholding the validity of an attachment lien which originated by legal proceedings brought in that state and more than one year old at the time the bankruptcy petition referred to in that case was filed. The practice in Connecticut is, however, quite unlike that in the state of New York, in regard to attachment liens, and the decision in that case therefore can have no bearing on the matter here in point. Colby & Co.'s attachment lien having been released by the taking of the officer's receipt, on February 8, 1913, there was no attachment lien more than four months old existing on any part of Schow's said stock in trade in favor of that corporation, on December 17, 1913.

[6] The attempted levy of Sheriff Schlechtweg, by virtue of the execution issued on Colby & Co.'s judgment, having been made subsequent to the filing of the involuntary bankruptcy petition, must needs be ineffectual, for, although section 67f does not apply to a case of this kind, because the sheriff's act did not occur within the four months' period provided for in that section (In re Engel [D. C.] 105 Fed. 893), still no lien could be created by his act in relation to the property after the matter had passed into the jurisdiction of the bankruptcy court. St. Cyr v. Daignault (D. C.) 103 Fed. 854; Kinmouth v. Braeutigan, 63 N. J. Eq. 103, 52 Atl. 226; State Bank v. Cox, 143 Fed. 91, 74 C. C. A. 285.

While a bankrupt may not be divested of his title to nonexempt property until after his adjudication and the appointment and qualification of his trustee, still the jurisdiction of the bankruptcy court attaches to all his property immediately upon the filing of the petition, and that

court cannot be ousted of its jurisdiction by any officer seeking to make a levy upon the property by virtue of process issuing out of a state court.

[7] When a petition is filed, whether involuntary or voluntary, the court has power by injunction to restrain the commission of any act that will interfere with or prevent the due administration of the Bankruptcy Act, for the purpose of preserving the statu quo of the property until it may be ascertained whether or not an adjudication should be decreed. In re Hornstein (D. C.) 122 Fed. 266; In re Smith (D. C.) 113 Fed. 993; In re Goldberg (D. C.) 117 Fed. 692; In re Hines (D. C.) 144 Fed. 147.

[8] The filing of a petition in bankruptcy is a caveat to all the world, and in effect an attachment and injunction. Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 269, 46 L. Ed. 405.

It is the purpose of the Bankruptcy Law to place the property of the bankrupt in the control of the court, wherever it is found, with a view to its equal distribution among the creditors. The filing of the petition is an assertion of jurisdiction with a view to determining the status of the bankrupt and a settlement and distribution of his property. The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the time of filing the petition. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208.

Therefore let the receiver's petition as prayed for be granted and a decree entered accordingly.