VITO SAN GIACOMO, complainant-appellant,

*v.*

ORATON INVESTMENT COMPANY, defendant-respondent,

[Submitted May term, 1928.   Decided October 15th, 1928.]

1. In New Jersey the common law courts have exclusive jurisdiction to hear and determine controversies resting upon a purely legal basis and determined by the principles of the common law, such as simple debts and the like.

2. The court of chancery cannot acquire jurisdiction over such matters by consent of counsel or acquiescence of a vice-chancellor.

———

On appeal from the court of chancery.

*Mr. George A. Henderson,* for the appellant.

*Messrs. Lindabury, Steelman, Zink & Lafferty,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

The bill in this case was filed for an accounting.   It is alleged that the only question before the court is whether or not a legal rate of interest on the unpaid balance of a mortgage should run after the maturity date, or whether no interest was due to the defendant?   It is further alleged that the jurisdiction of the court to try this matter was admitted. The case came on for a hearing before a vice-chancellor, he advised a decree dismissing the bill.   The only point involved under the testimony was whether interest paid under protest could be recovered back.   The learned vice-chancellor decided that it could not, and that the complainant was enti-

San Giacomo *v.* Oraton Investment Co.   *103 N. J. Eq.*

tled to interest at the legal rate from the date of default of the debt. No question of equity was involved. We think the bill should have been dismissed on the ground that the court of chancery had no jurisdiction over the subject-matter. It could not hear and determine a pure legal question cognizable by the common law courts. The appropriate remedy is by a suit at law.

By the system of courts set up in New Jersey under the constitution, article 6, section 1, the jurisdiction of the equity and common law courts is separate and distinct. The common law courts have exclusive jurisdiction to hear and determine controversies resting upon a purely legal basis and determined by the principles of the common law, such as a money claim or a simple debt and the like, whether due or not. The jurisdiction of the equity courts cannot be conferred over this class of subjects by consent of counsel or acquiescence of a vice-chancellor. The court of chancery was not competent to adjudicate the claim. The first requisite to constitute jurisdiction is, the court must have cognizance of the class of cases to which the one to be adjudged belongs.

This principle is elementary and needs no citation of cases.

The decree dismissing the bill of complaint in this case should be affirmed on the ground that the court of chancery had no jurisdiction to entertain the bill of complaint or hear and determine the controversy. The decree is affirmed on that ground and the bill of complaint should be dismissed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.