TOBIAS GRUNT et al., complainants-appellants,

*v.*

CARL OLSAN, defendant-respondent.

[Submitted October term, 1928. Decided February 14th, 1929.]

*Messrs. Milton M. Unger* and *Mr. Leonard J. Emmerglick,* for the appellants.

*Mr. Merritt Lane,* for the defendant.

PER CURIAM.

The bill of complaint in this case was filed to recover the sum of one thousand dollars ($1,000) deposit money made by the plaintiff, under a contract to purchase real estate, located in the township of Springfield, Union county, New Jersey, dated June 10th, 1926; together with search fees and expenses. The answer sets up and alleges that the complaint does not set forth a cause of action cognizable in a court of equity. The vice-chancellor, who heard the case, advised a decree dismissing the bill, upon the ground that the complainants agreed to take the property subject to the reservation claimed to make the title marketable. We think the bill of complaint should be dismissed, not, however, on the ground announced by the learned vice-chancellor, but on the ground the court of chancery had no jurisdiction to hear and determine the subject-matter involved in the case. The question litigated was a pure legal question, viz., the breach of a contract cognizable by the common law courts. The case in its legal aspect is identical with the case of *Bailey* v. *B. Holding Co., Inc., 104 N. J. Eq. 241.* What we said in that case is pertinent and controlling in the disposition of this case. So, also, the case of *San Giacomo* v. *Oraton Investment Co., 103 N. J. Eq. 273; 143 Atl. Rep. 329.*

The decree dismissing the bill of complaint is affirmed, on the ground that the court of chancery was without jurisdiction to hear and determine the cause.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.