The bill is to recover down money on a contract made by defendants to sell their property to complainants. The ground of recovery is that the title was unmarketable in this respect: There was of record a judgment against one of the defendants. Within four months after the recovery of the judgment he had been petitioned in bankruptcy but not discharged at the time the contract was to be performed. Time was of the essence of the contract. The property was acquired after the bankruptcy proceedings. The complainants insist that the judgment was a lien and that a discharge in bankruptcy was required to release it, while the defendants claim that it was void under section 67 f of the Bankruptcy act, which provides:
"That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person, who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released *Page 261 
from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."
The provision is obviously in aid of the administration of the bankrupt's estate. The judgment is null and void only as to the assets of the bankrupt to be administered. Kobrin v. Drazin,97 N.J. Eq. 400. It was not intended to benefit the bankrupt, and as to him the judgment becomes defunct only upon his discharge. If he is refused a discharge the judgment survives.Kinmouth v. Braeutigam, 63 N.J. Eq. 103; Smith v. Soldier'sBusiness Messenger and Dispatch Co., 35 N.J. Law 60; AmericanWoolen Co. v. Maaget, 86 Conn. 234; Smith v. First NationalBank, 76 Colo. 34; Chicago B. Q.R.R. Co. v. Hall,229 U.S. 511, is not inconsistent with this view. That case involved a garnishment of wages of a bankrupt. The wages were part of the bankrupt's estate and passed to the trustee but were exempt to the bankrupt. The United States supreme court held the wages to be unaffected by the lien of the judgment and approved the ruling in In re Forbes, 186 Fed. Rep. 79, that section 67 f was for the benefit of the bankrupt to the extent that it "annuls all liens both as against the property which the trustee takes and that which may be set aside to the bankrupt as exempt." The property here in question was not a part of the bankrupt estate. As the bankrupt had not been discharged and the judgment released on the day of performance the title was unmarketable and the complainants of right rescinded the contract and are entitled to recover.
The decree will provide for a lien on the premises for the down money only, as in Goldstein v. Ehrlick, 96 N.J. Eq. 52. The prayer for a lien marks the distinction between the cited case and San Giacomo v. Oraton Investment Co., 103 N.J. Eq. 273,
and Bailey v. B. Holding Co., 104 N.J. Eq. 241. *Page 262